UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BEAU A. ELDRIDGE, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-463-HAB-SLC |
| ALLEN COUNTY JAIL, | |
| Defendant. | |

OPINION AND ORDER

Beau A. Eldridge, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Eldridge is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Eldridge is a pretrial detainee at the Allen County Jail. He claims that in October 2021, his cell block was without hot water, which resulted in him not having a

shower for a week. He filed a grievance and was told by correctional staff that "maintenance is working to resolve this issue." The problem was ultimately resolved.

He further alleges that in early November 2021, there was a problem with his sink, which resulted in him not having water to wash his hands, brush his teeth, or cook with when he was locked down in his cell. He complained to correctional staff, and a "maintenance order" was issued to have the sink fixed. However, he claims that the problem persisted for another two weeks. He continued to complain and was moved to another cell on November 18, 2021. Based on these events, he sues the jail, seeking monetary damages for "pain and suffering" and emotional distress.

Because Mr. Eldridge is a pretrial detainee, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose[.]'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and

2

circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020), *cert. denied*, 142 S. Ct. 69 (2021). "[N]egligent conduct does not offend the Due Process Clause," and allegations of negligence, even gross negligence, do not suffice. *Miranda*, 900 F.3d at 353.

The circumstances Mr. Eldridge describes were no doubt unpleasant, but he has not alleged a constitutional violation under applicable standards. His complaint reflects that the sink issue was caused by a maintenance problem, rather than by a purposeful act of staff to deprive him of water in his cell. He does not allege, nor is there a basis in the complaint to plausibly infer, that he had no access to water at all during this period, such as at mealtimes or when he was otherwise out of his cell. Rather, it appears he did not have ready access to water during the night when confined to his cell.[1] The complaint reflects that when correctional staff were notified of the problem with the sink, they took steps to have the problem fixed. When that didn't happen, they moved him to another cell. The court cannot conclude that their response was objectively unreasonable. As for the hot water, it is evident that this, too, was caused by a maintenance problem, not a purposeful act by correctional staff to deprive him of hot water or showers. It is also evident that steps were taken to address the issue, and that the problem lasted for only a few days. At most, he alleges circumstances suggesting negligence in the operation of the jail, which is not enough to state a federal due process claim. *Miranda*, 900 F.3d at 353–54.

---

[1] He only describes a problem with his sink; there is no indication from the complaint he was without a toilet during this period.

Assuming he could overcome this deficiency, the only defendant he names is the jail itself. This is a building, not a "person" that can be sued for constitutional violations under 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). There is also no indication from the complaint that Mr. Eldridge suffered a physical injury as a result of these temporary inconveniences. Under the Prison Litigation Reform Act, an inmate cannot recover solely for an emotional injury. 42 U.S.C. § 1997e(e) ("no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

Therefore, Mr. Eldridge's complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **April 1, 2022**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on March 2, 2022.

                                                 s/ *Holly A. Brady*
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT